IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ARBORETUM NURSING AND REHABILITATION CENTER OF WINNIE, INC., | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | 6:10-CV-00069 |
| HOMELAND INSURANCE COMPANY OF NEW YORK, | § § § § | |
| Defendant. | § | |

## DEFENDANT HOMELAND INSURANCE COMPANY OF NEW YORK'S FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HOMELAND INSURANCE COMPANY OF NEW YORK (hereinafter "Homeland" and/or "Defendant"), Defendant in the above-entitled and numbered cause, and files this its *First Amended Answer* and for such would respectfully show the Court as follows:

(1) Homeland admits the truth of the averments of Section II. Parties of Plaintiff's Original Petition and Application for Declaratory Judgment.

(2) As to Section III. Venue of Plaintiff's Original Petition and Application for Declaratory Judgment, Homeland admits that the insuring agreement was sold and/or negotiated in Victoria County and that the cause action arose in Victoria County. However, Homeland states that this Honorable Court has jurisdiction over this matter as the parties have complete diversity and the amount in controversy is over $75,000.00.

(3) Homeland admits that a dispute has arisen regarding the provisions of a professional liability insurance policy sold to Plaintiff, as stated in Section IV. Facts of Plaintiff's Original Petition and Application for Declaratory Judgment. Further, Homeland admits that it entered into policy number MPP-1022-07 with Plaintiff and that subsequently a third-party brought suit against Plaintiff in the case of *Keri Hampton, Individually and as Independendt Executrix of the Estate of Henning Thomsen, Deceased v. Arboretum Nursing and Rehabilitation Center of Winnie, Inc. & Cynthia Reber* (hereinafter, "the Underlying Lawsuit").

(4) Homeland denies it has breached the insuring agreement, or that it has wholly failed to defend the suit as alleged in the second paragraph of Section IV. Facts of Plaintiff's Original Petition and Application for Declaratory Judgment. However, Homeland admits that it has denied coverage under the policy, also as stated in the second paragraph of Section IV. Facts of Plaintiff's Original Petition and Application for Declaratory Judgment.

(5) Homeland admits that the Court shall declare the rights and other legal relations of Plaintiff and Homeland as set out in Section V. Application for Declaratory Judgment of Plaintiff's Original Petition and Application for Declaratory Judgment. However, Homeland denies that this Court should grant the relief sought by Plaintiff in its Original Petition and Application for Declaratory Judgment.

(6) Homeland denies that it has breached the insurance agreement as stated in Section VIII. Breach of Contract of Plaintiff's Original Petition and Application for Declaratory Judgment.

(7) Lastly, Homeland denies the truth of the averments contained in Plaintiff's Plaintiff's Original Petition and Application for Declaratory Judgment that are not expressly admitted herein.

## AFFIRMATIVE DEFENSES

(8) Pleading further, if necessary, Homeland Insurance provided long term care organizations professional liability protection to Plaintiff through policy number MPP-1022-07 effective 02/02/07 to 02/02/08. Limits under the Policy are $1,000,000 per claim and $3,000.000 aggregate for all claims subject to a self-insured retention per claim of $50,000. This is a claims-made and reported policy with a Retroactive Date of 06/01/99.

Homeland relies upon the relevant terms, conditions, provisions, exclusions, and endorsements as follows:

    a.    **Prior Knowledge Exclusion**

The Homeland policy includes the following professional liability insuring agreement:

**I. INSURING AGREEMENTS**

    **(A) Claims Made Professional Liability Insurance:**

> The Underwriter will pay up to the applicable Limit of Liability on behalf of the **Insured** any **Loss** that the **Insured** is legally obligated to pay as a result of any covered **Claim** for a **Professional Services Wrongful Act** happening on or after the **Retroactive Date,** provided, that the **Claim** is first made against the **Insured** during the **Policy Period** or applicable **Extended Reporting Period.**

The Homeland policy includes the following potentially relevant exclusion:

    **(D) Exclusions Applicable to All INSURING AGREEMENTS:**

> Except as otherwise expressly provided in this Policy, this Policy does not apply to, and the Underwriter will not pay **Loss** or **Defense Expenses** for any **Claim** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:
>
> (1) **Wrongful Act** or **Occurrence** that happened before the **Retroactive Date** if applicable, or after the **Retroactive Date** if, on the Inception Date of this Policy, the **Insured** knew, had been told, should have known or had notified a prior professional

> liability insurer or administrator of any other risk transfer instrument that such **Wrongful Act** or **Occurrence** would or could result in a **Claim**;

The Homeland policy includes the following definition of "claim":

> (D) **"Claim"** means a written demand received by an **Insured** for monetary damages resulting from a **Wrongful Act** or an **Occurrence.**

Homeland states that if Plaintiff establishes that it suffered any damages, those damages, if any, are excluded by the above-mentioned provisions in the Homeland policy.

Therefore, Homeland is not liable for any breach of contract because there is no duty to defend and/or indemnify Plaintiff in the Underlying Lawsuit.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, **HOMELAND INSURANCE COMPANY OF NEW YORK**, prays that upon final hearing hereon, Plaintiff take nothing, and that this Defendant be discharged hence without day, to recover all costs expended on its behalf, and for such other and further relief, both general and special, both at law and in equity, to which Defendant, **HOMELAND INSURANCE COMPANY OF NEW YORK,** may show itself justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:    s/ Joanna M. Tollenaere
      **R. BRENT COOPER**
      Texas Bar No. 04783250
      **JOANNA M. TOLLENAERE**
      Texas Bar No. 24039209

900 Jackson Street, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**COUNSEL FOR DEFENDANT HOMELAND INSURANCE COMPANY OF NEW YORK**

## CERTIFICATE OF SERVICE

I hereby certify that on **August 19, 2011**, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, Victoria Division using the electronic case files system of the court. I hereby certify that I have served all counsel of record electronically or by other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

        /s/     Joanna M. Tollenaere
        **JOANNA M. TOLLENAERE**